**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Dated: 02:56 PM April 26, 2018

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| IN RE: | ) | CHAPTER 13 |
|---|---|---|
| | ) | |
| STEVEN C. GEER, | ) | CASE NO. 17-61387 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

On March 21, 2018, Debtor's attorney, Rebecca K. Hockenberry, filed an Application for Compensation requesting $345.00 in additional fees. No objections were filed.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. The court has authority to issue final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTS

Debtor filed an individual chapter 13 case on June 19, 2017, represented by Ms. Hockenberry. The court confirmed his plan on November 9, 2017. A short time later, PennyMac Loan Services, LLC, holder of debtor's residential mortgage, filed a motion for relief from stay, which Ms. Hockenberry defended on behalf of Debtor. She seeks compensation of $345.00 for her services.

Debtor's means test demonstrated he was a below median debtor. His confirmed plan proposes a one hundred percent (100%) dividend to unsecured creditors. He listed nonpriority unsecured claims totaling $38,464.45 on Official Form 106 E/F. Ms. Hockenberry charged $2,325.00 for her services in this case and received a $500.00 retainer prior to filing. The balance of $1,825.00 is to be paid through the plan.

At filing, Administrative Order 15-02 governed the procedure and allowance of attorney fees. The order establishes "no-look" legal fees in chapter 13 cases. Debtor and Ms. Hockenberry complied with applicable requirements for entitlement to the no-look fee.

## DISCUSSION

The court issues this opinion to discuss the unusual facts of this case. Debtor's counsel availed herself of a no-look fee that was under the amount she was entitled to receive. By doing so, she did not have to file a formal fee application. She now seeks compensation for services included as part of the no-look fee, leaving the court to decide between the sanctity of the no-look fee or encouragement of lower fees overall. Recognizing the potential benefit to debtors, the court elects to support the latter.

Under Administrative Order 15-02, Ms. Hockenberry was entitled to a base fee of $2,700.00 based on the proposed return to unsecured creditors. (AO 15-02 ¶ 3B) In addition, at the conclusion of the case, she would be entitled to a $600.00 "case termination fee," for a total of $3,300.00. (AO 15-02 ¶ 3C) She charged $2,325.00.

AO 15-02 includes "representation of the debtor in connection with at least two 11 U.S.C. § 362 motions, one concerning the debtor's residence and one concerning a vehicle, but not including an evidentiary hearing on these matters." (AO 15-02 ¶ 5J) Since this was the first motion for relief involving Debtor's residence, the services were included under the no-look fee. In spite of this, Ms. Hockenberry filed a formal fee application to request compensation of $345.00 for this service.

The court will approve the fee request. Ms. Hockenberry was entitled to a higher fee when the case was filed and, even with approval of this fee application, is below the permissible no-look fee. The court does not want to discourage counsel from charging lower fees when warranted, nor does it want to punish counsel when more work is involved than anticipated. However, if a similar scenario arises in the future, the court requires counsel to provide more specificity in future fee applications, including detailed dollar figures. Nowhere in the

2

application does it explain or even mention what is set forth herein, leaving the court to spend an inordinate amount of time to figure it out.

The application for compensation will be approved by separate order.

# # #

**Service List:**

Steven C Geer
PO Box 44
Ontario, OH 44862

Rebecca K. Hockenberry
Thompson & Hockenberry Co LPA
371 Lexington Avenue
Mansfield, OH 44907

Toby L. Rosen, Trustee
400 W Tuscarawas Street
Citizens Bank Bldg. 4th Floor
Canton, OH 44702

3

17-61387-rk    Doc 65    FILED 04/26/18    ENTERED 04/26/18 14:58:35    Page 3 of 3